

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 11 2018

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:18-MJ-295 |
| STEVE JOSEPH | |

## CRIMINAL COMPLAINT

I, Chumnan Jim Sangsvang Jr., a Special Agent with the United States Department of Housing and Urban Development, Office of Inspector General, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

> On or about June 3, 2011 through on or about May 17, 2013, in the Northern District of Texas, defendant, **Steve Joseph**, knowingly made a false statement for the purpose of influencing the action of Wells Fargo Bank, a financial institution insured by the Federal Deposit Insurance Corporation, in connection with an application for a loan and a change, and extension of the same, by renewal, deferment of action and otherwise in that the defendant forged signatures and false documents in support of an application for a loan modification, when in truth and in fact, as the defendant well knew, the signatures were forged and the documents contained materially false statements.

All in violation of 18 U.S.C. § 1014.

## INTRODUCTION

1. I have been employed as a Special Agent with the United States Department of Housing and Urban Development, Office of Inspector General (HUD-OIG), currently assigned to the Fort Worth Region. I have been a Special Agent for over seventeen years. I have worked with other agents, police officers, and law enforcement personnel who have extensive criminal investigative experience and training. During my

Affidavit in Support of Criminal Complaint – Page 1

tenure as a Special Agent, I have been trained in the investigation of cases involving violations of federal law. As a Special Agent, my duties include investigating mortgage fraud, theft of government funds, bank fraud, wire fraud, and related violations of federal criminal law.

2.  I am currently assigned to the Fort Worth, Texas Regional Office. This investigation is being conducted by the Department of Housing and Urban Development, Office of Inspector General (HUD-OIG).

3.  I make this affidavit in support of an application for a complaint and warrant for the arrest of **Steve Joseph**, for one count of Submitting False Statements to a Financial Institution in violation of 18 U.S.C. § 1014. I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein. Because this affidavit is being submitted for the limited purpose of enabling this Court to make a judicial determination of probable cause to issue an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the legal basis for the issuance of an arrest warrant.

## BACKGROUND

4. The FHA-Home Affordable Modification Program (FHA-HAMP) allows homeowners to modify their FHA-insured mortgages to reduce monthly mortgage payments and avoid foreclosure. FHA-HAMP is administered by the U.S. Department of Housing and Urban Development (HUD). HUD offices are located in 12 districts throughout the United States. FHA-HAMP is authorized by Section 230(b) of the National Housing Act (12 U.S.C. § 1715u(b)), as amended by the Helping Families Save Their Homes Act of 2009, Division A of Public Law 111-22. Congress created the Federal Housing Administration (FHA) in 1934. The FHA became a part of the Department of Housing and Urban Development's (HUD) Office of Housing in 1965.

## PROBABLE CAUSE

### 1428 Anna Lea Lane

5. On February 26, 2014, the affiant interviewed K.M. K.M. was awarded the FHA-insured property 1428 Anna Lea Lane, Burleson, TX after her divorce from husband B.M. After her divorce, she had a difficult time making mortgage payments and she contacted "sellforcash.com" for assistance.

6. Sellforcash.com put K.M. in contact with defendant **Steve Joseph**. **Joseph** told K.M. that he was an investor who would help her by finding a renter for the home. **Joseph** told K.M. he would use rent proceeds to pay the mortgage, and the renter would be given the option to purchase the house. This arrangement would allow K.M. to avoid foreclosure.

7. K.M. met with **Joseph's** assistant and was given a stack of documents to sign. K.M. signed the documents without reviewing what she was signing. Unbeknownst to her, she signed over her home but was still liable for the underlying FHA mortgage.

8. K.M. learned that the 1428 Anna Lea Lane home was going through the foreclosure process while researching the property online. K.M. contacted Wells Fargo and learned that her address had been changed to a P.O. Box that did not belong to her, and her telephone number had been changed to one that did not belong to her.

9. Investigators determined that on May 17, 2013, an application for a loan modification entitled Request for Mortgage Assistance (RMA) was submitted to Wells Fargo, the bank that held the mortgage on 1428 Anna Lea Lane, Burleson, TX. The RMA purported to be from K.M.

10. K.M. was re-interviewed after the RMA documents submitted to Wells Fargo were obtained. K.M. reviewed the documents and stated that she did not attempt to obtain a loan modification nor did she provide permission to anyone to do this on her behalf.

11. K.M. reviewed the following documents submitted to Wells Fargo as part of the RMA loan modification application: Making Home Affordable Program Hardship Affidavit, Help for America's Homeowners, Bethesda Water Supply Corp, Financial Work Sheet Monthly, and Form 4506T-EZ. K.M. stated the document titled "Making Home Affordable Program Hardship Affidavit" was not created by her. K.M. confirmed her name and social security number were correct in the document. But K.M. pointed out

that her ex-husband's name was spelled wrong. K.M. also pointed out that she was not Black or African American as indicated in the document. K.M. stated that her signature was forged on the document. K.M. had never seen this document before.

12. K.M. also stated that the document entitled "Help for America's Homeowners" contained a forged signature. K.M. did not sign the document and had never seen it before.

13. K.M. stated that the document entitled "Bethesda Water Supply Corp" was not her water bill. She had never seen the document before and was not a customer of Bethesda Water Supply.

14. K.M. stated that the document entitled "Financial Work Sheet Monthly" contained incorrect financial information, was not created by her, and contained her forged signature.

15. K.M. stated that the document entitled "Form 4506T-EZ" was also false, and she had never seen it before. She said the signature on the form was forged.

16. On March 4, 2014, the affiant interviewed K.M.'s ex-husband, B.M. He stated that in the divorce settlement, his ex-wife was awarded the property located at 1428 Anna Lea Lane, Burleson, TX. He confirmed that he has not tried to refinance the property and has no financial interest in the property.

17. B.M. was re-interviewed after the RMA documents were obtained. Upon reviewing the documents B.M. stated he did not attempt to obtain a loan modification on the property nor did he provide permission to anyone to do so on his behalf.

18.     B.M. noted that the document entitled "Making Home Affordable Program Request for Mortgage Assistance" contained the correct information about his date of birth and social security number. However, his name was spelled incorrectly, the phone numbers were incorrect, and the mailing address was also incorrect. B.M. did not know the origins of incorrect information. B.M. pointed out that he was not "Black or African American" as was indicated on the form. B.M. stated his signature on the document was forged.

19.     B.M. said the document entitled "Help for America's Homeowners" contained a forged signature of his name. B.M. had never seen this document.

20.     B.M. said that the document entitled "Financial Work Sheet Monthly" was a bogus document. The information was incorrect and his signature was forged. B.M. has never seen the document before.

21.     B.M. said that the document entitled "To Whom It My Concern" was a bogus document. B.M. does not live in Pennsylvania, nor has he worked for Majestic Reigns, and has never seen this document before. His signature was forged.

22.     B.M. reviewed Majestic Reigns Inc. earning statements for pay periods ending on April 19, 2013, April 30, 2013, and May 15, 2013 that were submitted in support of the RMA loan modification application. B.M. stated that all three documents were fake and that he was never employed with this company.

23.     B.M. said the document entitled "4506T-EZ" was not a form that he had ever seen before. His signature on the form was forged.

24. Majestic Reigns Inc. was researched and is shown to be a property belonging to **Steve Joseph**. The P.O. Box 388 Mount Pocono, PA 18344 listed as the address was researched and shown to belong to **Steve Joseph**. The telephone number listed (507) 807-2802 was researched and belongs to **Steve Joseph**.

### 914 Azalea Court

25. On May 6, 2015, the affiant interviewed L.H. L.H. wanted to sell the FHA insured home located at 914 Azalea Ct., Burleson, TX. L.H. listed the home as For Sale by Owner. L.H. was contacted by Lolita LNU of Hart Stone via hartstone@yahoo.com.

26. Lolita informed L.H. that **Steve Joseph** wanted purchase the home. Lolita provided all the paperwork to sign and sell the home to **Joseph**. L.H. was selling the home for the remaining mortgage balance of the home which was estimated to be $201,000.

27. **Joseph** agreed to purchase the home for the remaining mortgage balance. L.H. signed over the home to **Joseph** with a power of attorney. L.H. thought he had sold the home to **Joseph**. But several months after the transaction, L.H. was contacted by Wells Fargo and told he was in default on the mortgage.

28. Wells Fargo provided information to L.H. that was submitted to the company that included his name and social security number. However, the address of record was changed to a P.O. Box in Mount Pocono, Pennsylvania. L.H. contacted **Joseph**. **Joseph** told L.H. that he needed access to L.H.'s personal information for L.H. to get out of the loan.

29. Investigators determined that on April 18, 2012, a document titled Request for Mortgage Assistance (RMA) was submitted to Wells Fargo, the bank that held the mortgage on 914 Azalea Ct., Burleson, TX. The request purported to be from L.H.

30. L.H. was re-interviewed after the RMA loan modification documents were obtained from Wells Fargo. During the interview L.H. stated he did not attempt to obtain a loan modification on the property nor did he provide permission to anyone to do this on his behalf.

31. L.H. reviewed the loan modification paperwork from Wells Fargo dated November 29, 2011. L.H. stated that the signature on the paperwork is not his, and the phone number was not his. He considered the entire application to be false.

32. L.H. reviewed all pay stubs from Majestic Reigns Incorporation submitted in support of the loan modification application and stated they were false and that he had never worked for this company.

33. L.H. reviewed a water bill and stated it was not his water bill. He did not know where the bill came from.

34. L.H. reviewed a letter entitled "To Whom It May Concern" that was submitted in support of the RMA loan modification application, and stated the entire statement was false. The signature on the form was not his.

## CONCLUSION

35. Based on the preceding information, Affiant believe that the defendant, Steve Joseph committed violations of 18 U.S.C. § 1014.

                                              _____
                                              Chumnan Jim Sangsvang Jr.
                                              Special Agent
                                              United States Department of Housing
                                              And Urban Development
                                              Office of Inspector General

Subscribed and sworn to before me on **May 11**, 2018, at **10:00** o'clock **a**.m. in Fort Worth, Texas.

                                              _____
                                              JEFFREY L. CURETON
                                              United States Magistrate Judge